# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MICHAEL LEE McLAUGHLIN<br><br>        Petitioner,<br>vs.<br><br>JOSEPH D. SCHMIDT,<br>COMMISSIONER of the Alaska<br>Department of Corrections, *et al.*,<br><br>        Respondents. | 3:13-cv-002-TMB-JDR<br><br>**ORDER DENYING PETITIONER'S MOTION SEEKING A PROTECTIVE STAY OF THE STATE COURT PROCEEDINGS**<br><br>(Docket No. 10) |

## I. Introduction

Petitioner Michael McLaughlin (McLaughlin) filed a motion to stay his state court proceedings under 28 U.S.C. § 2251(a)(1). Docket 10. The State filed its response at Docket 12, and McLaughlin filed his reply at Docket 13. For the reasons stated below, McLaughlin's *Motion Seeking a Protective Stay of the State Court Proceedings* at Docket 10 is **HEREBY DENIED**.

McLaughlin claims that the court should grant the stay because he was denied due process when the Alaska Superior Court allegedly denied him the ability

to collaterally attack the validity of his prior conviction for DUI. The State contends he is not entitled to a stay because clearly established federal law prohibites a habeas petitioner from collaterally attacking a prior conviction from a later action.

McLaughlin counters that it is of no consequence that federal law does not normally permit a criminal defendant to challenge a prior conviction because Alaska law does. Thus, the state law supplies a means for asserting a federal right. *See Bruce v. Terhune*, 376 F.3d 950, 1002 n.6 (9th Cir. 2003). By denying him the ability to collaterally attack his prior conviction, which is provided for under AS 12.55.145(c), he asserts he was denied a due process right created by state law. Such an argument is without merit in this case.

## II. Relevant Facts and Procedural History

McLaughlin was charged with felony DUI[1], felony refusal to submit to a chemical test, and driving while his driver's license was revoked on January 30, 2009. Docket 12-11. The trial was bifurcated, and after the jury convicted McLaughlin of all three charges, he chose to have a bench trial to determine the existence of the prior conviction necessary to enhance the offense to a felony. Docket 12-5.

---

[1] AS 28.35.030(n) enhances a DUI offense to a felony level if the person "either has been previously convicted two or more times since January 1, 1996, and within 10 years preceding the date of the present offense, or punishment under this subsection or under AS 28.35.032(p) was previously imposed within the last 10 years."

McLaughlin testified during the penalty phase of the bifurcated trial. He testified that he was seeking post-conviction relief from the 2004 conviction, and that he planned to use the post-conviction relief (PCR) proceeding as an affirmative defense. Tr. 693-94. His PCR action was on-going at the time of trial. However, the Alaska Court of Appeals subsequently dismissed his PCR on procedural grounds because he filed it nearly three years after he entered into a plea agreement. *McLaughlin v. State*, 214 P.3d 386, 386 (Alaska Ct. App. 2009). McLaughlin argued that he was under duress and was coerced into the entering into the plea agreement. Tr. 705. He conceded that the prior-conviction certificate provides *prima facie* evidence of the prior conviction. *Id.* But since he was coerced into entering into a plea agreement, he argued, it was questionable as to whether he did so freely and voluntarily. *Id.*

In support of his defense, McLaughlin argued to the superior court that the first allegation contained in his pending PCR was that the plea was a product of coercion. On April 26, 2007, McLaughlin's attorney stated the following during oral argument at the penalty phase of the bifurcated trial:

> [T]he plea entered in this matter is the product of coercion; thus, it is the resulting judgment of conviction is void -- that the resulting judgment of conviction is void as a matter of law. And for that, he cites *Lurch v. State*, 490 P.2d 41, Arizona, that's a 1971 case; and then *Machibroda v.*

> *United States*, 368 U.S. 487, at 493, and that's a 1962
> Supreme Court case; as well as *McCarthy v United
> States*, 394 U.S. 459, at 466, a 1969 Supreme Court case;
> and then, *Waley v Johnston* [sic], 316 U.S. 101, at 104,
> and that's a 1942 case. And, Your Honor, the discussions
> that I've had with Mr. McLaughlin certainly support that
> theory of coercion and duress, and the fact that he did not
> have the opportunity to exercise his right to confrontation
> when there was some questions regarding the evidence.
> Based on that, based on the requirement that the state
> prove the prior convictions beyond a reasonable doubt,
> and that he has presented some evidence questioning the
> reliability of that prior judgment, we'd ask this Court to find
> that that prior conviction is unreliable and does not meet
> the element for conviction on the second part of this trial.

Tr. 707-07.

Superior Court Judge *pro tem* Margaret L. Murphy issued her ruling on the record that same day. She found McLaughlin's testimony not to be credible. Tr. 709. Judge Murphy stated, "I don't find it credible to rely on (McLaughlin's) testimony to controvert a certified copy of a judgment that's been in effect for over two years." *Id.*

McLaughlin then filed a motion for reconsideration in superior court on May 1, 2007. Docket 12-6. The State filed a response in which it argued that under *Brockway v. State*, 37 P.3d 427, 429-30 (Alaska Ct. App. 2001), a defendant may not collaterally attack a prior conviction during a sentencing proceeding in another case. Docket 12-7, at 3.

On July 9, 2007, after the motion for reconsideration was denied, McLaughlin filed a notice of denial of a prior conviction, *pro se*, in accordance with A.S. 12.55.145(c) in superior court. Docket 13-3.[2] McLaughlin was represented by counsel when he filed the notice.

McLaughlin then filed a *pro se* petition for interlocutory review of Judge Murphy's decision not to grant a new trial with the Alaska Court of Appeals. Docket 12-10. McLaughlin requested that his court-appointed attorney file the petition for review, but counsel declined to do so. *McLaughlin v. State*, 173 P.3d 1014, 1014 (Alaska Ct. App. 2007). The Court denied McLaughlin's petition because a petitioner who is represented by counsel may not file a *pro se* petition for review of a trial court's non-appealable order. *Id.*

After Judge Murphy sentenced McLaughlin to nine years with two years suspended, the Alaska Court of Appeals denied his petition since, under state law, he was not allowed to collaterally attack the validity of the of his 2004 DUI conviction

---

[2] The notice of denial was filed on July 09, 2007. The penalty of the bifurcated trial occurred on April 26, 2007.

in contrast to its existence. *McLaughlin v. State*, 2012 WL 1957981, at *2 (Alaska Ct. App. July 17, 2012). The Alaska Supreme Court later summarily denied McLaughlin's petition for hearing on December 7, 2012. Docket 12-13.

It appears that McLaughlin was released from prison on his own recognizance July 5, 2011. Docket 10, at 7. McLaughlin claims that he remained in this status until January 9, 2013, when Judge Murphy ordered him to report to start serving the parole and probation portion of his sentence.[3] Since McLaughlin began serving the parole and probation portion of his sentence, he states that "[he] has been before the [Alaska] superior court three times merely because he was caught consuming alcohol." *Id.*

On January 7, 2013, McLaughlin filed a petition for writ of habeas corpus in United States District Court. Docket 1.

### III. Legal Analysis

At issue is whether the pending state-court action against McLaughlin should be stayed because he was denied the ability to challenge the validity of a prior 2004 DUI conviction that was used to charge him with Felony DUI in 2007.

Congress has explicitly authorized stays in pending habeas actions. 28 U.S.C. § 2251. A federal judge may "stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter

---

[3] McLaughlin provided no supporting documentation concerning Judge Murphy's order. The State does not dispute this fact.

involved in the habeas corpus proceeding." 28 U.S.C. § 2251 (a)(1). The decision concerning whether to stay state-court proceedings for any matter involved in a habeas corpus proceeding is left to the sounds discretion of the federal court. *McFarland v. Scott*, 512 U.S. 849, 858 (1994). Stays under § 2251 are not automatic. *Coleman v. California*, 2010 WL 695380, at *2 (N.D. Cal. February 23, 2010). An applicant must show special circumstances that allow the court to "exercise the unusual and highly intrusive power of issuing a stay to stop the state court from imposing or carrying out its sentence before the federal court reaches the merits of his habeas petition." *Id.* When deciding whether a court should grant a stay pending judicial review, the court may consider the following factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Nken v. Holder*, 556 U.S. 418, 434 (2009).

In order for McLaughlin to succeed on the merits of his habeas petition, he must show that the proceedings in state court involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1). The law on this issue is settled and is juxtaposed to McLaughlin's claims. A criminal defendant may not challenge in a federal-habeas proceeding under § 2254 the validity of a prior conviction used by the

state court to enhance the sentence imposed in the current action. *Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394, 401-03 (2003); *Nunes v. Ramirez-Palmer*, 485 F.3d 432, 443 (9th Cir. 2007). The only exception to this rule is for a claim that the prior conviction was unconstitutional because there was a failure to appoint counsel in violation of the Sixth Amendment right to counsel. *Starks v. Hennessey*, 2010 WL 1706444, at *2 (N.D. Cal. April 23, 2012).

In *Nunes*, the petitioner-appellant was found guilty of petty theft with a prior convictions for shoplifting $114.40 worth of tools from a Home Depot store. *Nunes*, 485 F.3d at 435. After trial, the trial court sentenced him to a term of imprisonment of twenty-five years to life under California's recidivist statute. *Id.* at 435-36. However, during sentencing, the petitioner-appellant moved to strike several of his prior convictions. *Id.* The trial court denied his motion. *Id.*

The petitioner-appellant brought a direct appeal to the Court of Appeal for the State of California. *Id.* He argued that his sentence amounted to cruel and unusual punishment in violation of the Eight Amendment. *Id.* The court denied his appeal. *Id.* at 437.

The petitioner-appellant then filed a petition for review with the California Supreme Court that the court denied. *Id.* Next, he filed a habeas petition with the California Supreme Court in which he asserted two claims that had not been argued on direct review. *Id.* The California Supreme court summarily denied his petition. *Id.*

The petitioner-appellant next filed a habeas petition in United States District Court. *Id.* He argued, among other things, that "when the trial court denied his motion to strike his prior convictions, it violated the Fourteenth Amendment because 'California law clearly forbids the use of a prior conviction obtained in violation of a defendant's . . . rights . . . to enhance a sentence.'" *Id.* at 443. The United States District Court rejected petitioner-appellant's argument because "there is no federal constitutional right to attack a prior state conviction, 'once a conviction is no longer open to direct or collateral attack in its own right.'" *Id.* (*quoting Lackawanna County Dist. Atty. V. Coss*, 532 U.S. 394, 403 (2001)). "If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Id.* (*quoting Coss*, 532 U.S. 403-04).

In the present situation, the holding in *Lackawanna County Dist. Atty. v. Coss* and *Nunes* are directly on point. The facts indicate that McLaughlin is attempting to challenge his enhanced sentence through a § 2254 petition on the ground that the prior conviction was unconstitutionally obtained. McLaughlin asserts that he was denied federal due process when the Alaska Superior Court denied him the ability to collaterally attack his prior conviction for DUI. Such an assertion is simply not true. No federal due process rights were violated in this case.

McLaughlin first pled *nolo contendre* to DUI in 2004. The time to challenge the validity of the underlying facts involved in that case was in an action for post-conviction relief, not at the trial pertaining to his second DUI. The Alaska Court of Appeals correctly points out that McLaughlin did not challenge his *nolo* plea until nearly three years after it was entered into. *McLaughlin*, 214 P.3d at 386. McLaughlin's own failure to challenge the validity of his *nolo* plea in a timely fashion resulted in his inability to challenge the related circumstances surrounding his decision to enter into a plea agreement with the state. *Coss* makes clear that the defendant's failure to pursue remedies while available prevent that person from collaterally attacking a prior conviction through a motion under § 2254. *Coss*, 532 U.S. at 402.

At issue during the penalty phase of the bifurcated trial was whether the second conviction for DUI should be treated as a felony. Thus, the only issue during that portion of the trial was whether McLaughlin had been previously convicted of DUI within the past ten years. Under AS 12.55.145, an authenticated judgment is *prima facie* evidence of a prior conviction. In order to rebut this presumption, the only evidence presented by the defense was McLaughlin's own testimony. That testimony concerned the underlying facts surrounding why McLaughlin entered into a plea agreement. However, the underlying reasons as to why McLaughlin entered into the plea agreement are irrelevant because the time to challenge those facts is in an action for post-conviction relief.

No where in McLaughlin's submission to this court does he claim that he is factually innocent of the crime alleged that resulted in his decision to enter into the 2004 plea agreement. All of McLaughlin's allegations involve the state's alleged inability to prove that he was actually inebriated on the night in question. No new evidence was submitted that McLaughlin was sober on the night in question. Whether or not he was coerced into entering a plea of *nolo contendre* is of no consequence to our analysis today because the only relevant fact is whether a prior DUI conviction exists. After all, under Alaska law, the state is only required to prove whether there was, in fact, a conclusively valid, prior conviction for DUI.

Judge Murphy went beyond what she was required to do by allowing McLaughlin to testify about the underlying facts surrounding his decision to enter into the plea agreement. Her decision to require additional briefing on the issue as result of McLaughlin's motion to reconsider further demonstrates that she carefully considered McLaughlin's defense. Further, her findings as to McLaughlin's credibility are entitled to deference, and McLaughlin has failed to present this court with any justification as to why her findings should not be believed.

It is clear to this court that McLaughlin has failed to demonstrate that he is likely to succeed on the merits of his claims. While not dispositive, such a factor is entitled to great weight when deciding whether to grant a stay in a judicial proceeding. The only exception to the general rule stated above occurs when the prior conviction used to enhance the sentence was obtained where there was a

failure to appoint counsel in violation of the Sixth Amendment. McLaughlin testified that he was represented by counsel when he entered into the plea agreement. Tr. 702. The exception itself is strictly construed, and does not apply where the defendant had counsel but subsequently claims that the attorney was ineffective.

McLaughlin's situation is not unusual and there appears to be no irreparable harm requiring this court to issue a stay, which in and of itself is a rather extraordinary remedy reserved for unusual circumstances. *See Colman*, 2010 WL 695380, at *2 (stating that staying a state sentence during the pendency of a federal proceeding is ill-advised in routine cases). It appears that McLaughlin is concerned about a possible revocation of probation based on a violation of his probation conditions regarding his admitted consumption of alcohol on three separate occasion. This, however, is not an unusual situation because most habeas petitioners are incarcerated or face potential incarceration when they file their petition. The state correctly points out that if federal courts were to grant stays on the sole ground that the petitioner would otherwise face jail time, stays of state court proceedings would become the norm. Therefore, McLaughlin has, in this court's view, failed to identify any special circumstances warranting a stay.

//
//
//
//

## IV. Conclusion

On the present record it is probable that McLaughlin was not deprived of any due process rights under the United States Constitution when he was sentenced to felony DUI in 2007. McLaughlin failed to bring a timely challenge his prior DUI in state court. Habeas petitioners are not allowed to collaterally attack a prior conviction when the petitioner failed to pursue those remedies while they were available. It is, therefore, unlikely that McLaughlin will succeed on the merits of his claims if a stay is granted and he has failed to identify any special circumstances warranting a stay. McLaughlin's *Motion Seeking a Protective Stay of the State Court Proceedings* at Docket 10 is **HEREBY DENIED**.

DATED this __24th__ day of December, 2013 at Anchorage, Alaska.

  /s/ John D. Roberts  
JOHN D. ROBERTS  
United States Magistrate Judge